UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PHILLIP SAYLOR, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01820-JRS-MJD |
| | ) | |
| ADAM KRUPP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO STAY**

This matter is before the Court on Defendants' Motion to Stay Proceedings Pending Resolution of Motion to Dismiss. [Dkt. 14.] For the reasons set forth below, the motion is **DENIED**.

On November 25, 2025, Defendants filed their motion to dismiss this case, arguing that some claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and others pursuant to Rule 12(b)(6) for failure to state a claim. On December 1, 2025, Defendants filed the instant motion, asking the Court to stay this case in its entirety pending resolution of their motion to dismiss.

A court may stay a case through an exercise of its inherent authority to manage litigation and may stay discovery through its authority under Federal Rule of Civil Procedure 26(c). *See, e.g., E.E.O.C. v. Fair Oaks Dairy Farms, LLC,* 2012 WL 3138108, at *2 (N.D. Ind. Aug.1, 2012) (citing *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936)); *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"). As the Court has stated before:

> The party seeking a stay has no absolute right to a stay; rather, that party "bears the burden of proof to show that the Court should exercise its discretion in staying the case[.]" *Cloverleaf Golf Course, Inc. v. FMC Corp.,* No. 11–CV–190–DRH, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011) (citing *Indiana State Police Pension Trust v. Chrysler LLC,* 556 U.S. 960, 961, 129 S. Ct. 2275, 173 L.Ed.2d 1285 (2009)).
>
> To carry its burden, the movant must show that good cause exists for the stay: the good cause determination encompasses factors such as whether the stay will prejudice the non-movant; whether the stay will simplify the issues in the case; and whether the stay will reduce the burden of litigation for the parties or the court. *Fair Oaks Dairy Farms,* 2012 WL 3138108, at *2 (citing *Abbott Laboratories v. Matrix Laboratories, Inc.,* 2009 WL 3719214, *2 (N.D. Ill. 2009)); *see also id.* (emphasis added) (quotation marks and citations omitted) ("[The Court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly before it."). District courts have "*extremely broad discretion*" in weighing these factors and in deciding whether a stay should issue. *Cloverleaf,* 2011 WL 2838178, at *2 (emphasis original) (citing *Crawford-El v. Britton,* 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)).

*U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, 2015 WL 3961221, at *1-2 (S.D. Ind. June 30, 2015). There are instances in which a party could demonstrate that staying discovery is the better course of action. However, the Court, in its discretion, finds that Defendants have not done so in this case.

The crux of Defendants' position is that they should not have to expend resources to litigate this case because they believe their motion to dismiss will be successful and any litigation efforts undertaken in the meantime will thus have been wasted. However, district courts are tasked with ensuring the "just, speedy, and inexpensive determination" of every case before it. Fed. R. Civ. P. 1. There is certainly a chance that the motion to dismiss will be wholly successful and this case will be dismissed in its entirety, although likely not until Plaintiff has had the opportunity to replead any claims dismissed for failure to state a claim. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial

pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted).  However, it is also possible that some or all Plaintiff's claims will go forward.  In that case, the issuance of a stay will have served no purpose other than to delay the ultimate resolution of the case, thwarting the "speedy" part of the Court's mandate.

The existence of these competing considerations is why staying discovery is the exception, not the norm.  Indeed, "Courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'"  *Edon v. PNC Bank*, 2025 WL 1598977, at *1 (S.D. Ind. May 23, 2025) (quoting *DDML Holdings LLC v. Hennessy*, 2024 WL 3400230, at *1 (S.D. Ind. 2024), *reconsideration denied*, 2024 WL 3718146 (S.D. Ind. 2024)) (in turn quoting *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. 2016)).  In order to show the Court that it should exercise its discretion and stay discovery, Defendant must thus demonstrate that there is some reason to do so in this case that would not also exist any time a motion to dismiss is filed in a case. Defendant has not done so here.  Therefore, the motion to stay is **DENIED**.

SO ORDERED.

Dated:  4 DEC 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.